FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2011 JAN 18 PM 1:09

GREGORY C. LANGHAM
CLERK

BY_____ DEP. CLK

| PROB 22 (Rev. 2/88) | TRANSFER OF JURISDICTION | DOCKET NUMBER *(Tran. Court)* 2:96-806-1 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* 10-cr-00620-REB |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT South Carolina | DIVISION Charleston |
|---|---|---|
| Miguel A. Flores Arkansas Valley Correctional Facility Crowley, Colorado | NAME OF SENTENCING JUDGE David C. Norton | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 12/09/2009 | TO 12/08/2012 |

**OFFENSE**

Conspiracy, 18 U.S.C. § 371, and Involuntary Servitude, 18 U.S.C. § 1584

RECEIVED CLERK'S OFFICE
DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON
2010 JAN -3 A 10: 04

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Colorado upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 1/20/10 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 12/17/10 | |
|---|---|
| Effective Date | United States District Judge |

(Form Revised in WP80 by D/SC - 9/97)

CLOSED

# U.S. District Court
## District of South Carolina (Charleston)
## CRIMINAL DOCKET FOR CASE #: 2:96-cr-00806-DCN-1
### Internal Use Only

Case title: USA v. Flores, et al

Date Filed: 11/14/1996
Date Terminated: 11/14/1997

---

Assigned to: Chief Judge David C Norton

Appeals court case number:
98-4178/CarinaDomeika

### Defendant (1)

**Miguel A Flores**
*TERMINATED: 12/08/1997*



represented by **Diedreich P Von Lehe , III**
Diedreich P Von Lehe III Law Office
PO Box 1140
Charleston, SC 29402
843-853-0011
Fax: 843-853-0040
Email: dvl@dvl-law.com
*TERMINATED: 01/17/1997*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Karen Dove Barr**
5859 Abercorn Extention
Building Two
Savannah, Ga 31405
(912) 352-8053
*TERMINATED: 01/17/1997*

### Pending Counts

None

### Highest Offense Level (Opening)

None

### Terminated Counts

18:371 COLLECTION OF CREDIT BY
EXTORTION - Conspiracy in violation of
18:894; 8:1324(a)(1)(C); 29:1841(b)(1)(A)
and 1851

### Disposition

### Disposition

Defendant committed to custody Bureau of
Prisons for 180 months. This term consists
of 180 months as to Counts 8-13, all counts
to run concurrently; 60 months as to

(1)

18:1584 SALE INTO INVOLUNTARY
SERVITUDE and 18:2 - Aid and Abet
(2-4)

Counts 1-7 and 15-20 to run concurrently
with all other counts; 22 months as to
Count 21 to run concurrently with all other
counts; 12 months as to Count 22 to run
concurrently with all other counts. While
incarcerated, defendant shall pay a $50
special assessment fee for each of Counts
1-13, 15-21 and a $25 special assessm ent
fee for count 22 for a total of $1,025 and
restitution in the amount of $19,807.50 in
accordance with the Bureau of Prisons'
Financial Responsibility Program. The
Court recommends defendant be
incarcerated in a federal facility as close to
central Florida as possible. Upon release
from imprisonment, defendant shall be on
supervised release for term of 3 years as to
Counts 1-13 and 15-22, all counts to run
concurrently. Defendant shall comply with
the additional conditions: (1) defendant
shall participate in inpatient/outpatient
substance abuse treatment to include
urinalysis testing as directed by the U. S.
Probation Officer; (2) defendant shall pay
any remaining special assessment fee
within 60 days of his release from i
ncarceration; (3) Upon completion of the
term of imprisonment or the earliest time as
designated by the Attorney General of the
United States, defendant shall be
surrendered to duly authorized immigration
official for deportation in accordance with
e stablished procedure provided by
Immigration and Naturalization Service
(Section 1101). Once ordered deported, the
defendant shall remain outside the U.S.,
and (4) defendant shall pay any remaining
restitution at a rate to be determined by the
Court. AMENDED JUDGMENT -
Defendant to be given credit for time
served after his arrest on November 14,
1996. (Remainder of original judgment
remains the same)

Defendant committed to custody Bureau of
Prisons for 180 months. This term consists
of 180 months as to Counts 8-13, all counts
to run concurrently; 60 months as to
Counts 1-7 and 15-20 to run concurrently
with all other counts; 22 months as to
Count 21 to run concurrently with all other

counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessm ent fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from i ncarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with e stablished procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same)

Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50

18:1584 SALE INTO INVOLUNTARY SERVITUDE and 18:2 - Aidand Abet (5-7)

special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessm ent fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from i ncarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with e stablished procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same)

Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessm ent fee for count 22 for a total of $1,025 and

18:894(a)(1) & 2 COLLECTION OF CREDIT BY EXTORTION and 18: 2 - Aid and Abet
(8-10)

restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from i ncarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with e stablished procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same)

Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessm ent fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The

18:894(a)(1) & 2 COLLECTION OF CREDIT BY EXTORTION and 18:2 - Aid and Abet
(11-13)

Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from incarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with established procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same)

18:924(c) VIOLENT CRIME/DRUGS /MACHINE GUN - did carry and use a firearm during and in relation to a crime of violence and 18:2 - Aid and Abet (14)

Dismissed on government's motion

8:1324(a)(1)(B) BRINGING IN AND HARBORING ALIENS and 18:2 - Aid and Abet (15-20)

Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessment fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in

accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from i ncarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with e stablished procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same)

8:1324(a)(1)(C) BRINGING IN AND HARBORING ALIENS and 18:2 - Aid and Abet
(21)

Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessm ent fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be

incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from incarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with e stablished procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same)

29:1841(b)(1)(A) & 1851 CRIMINAL SANCTIONS - Failure to ensure motor vehicle safety and 18:2 - Aid and Abet (22)

Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessm ent fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on

supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from i ncarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with e stablished procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same)

29:1841(b)(1)(A) & 1851 CRIMINAL SANCTIONS - Failure to ensure motor vehicle safety and 18:2 - Aid and Abet (23)

Dismissed on government's motion

**Highest Offense Level (Terminated)**
Felony

**Complaints**                                              **Disposition**
None

---

**Plaintiff**
**USA**                                    represented by   **Albert Peter Shahid , Jr**
                                                            Shahid Law Office
                                                            89 Broad Street
                                                            Charleston, SC 29401
                                                            843-853-4500
                                                            Fax: 843-853-6124
                                                            Email: shahidlo@bellsouth.net
                                                            *TERMINATED: 02/24/1997*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marshall Prince**
US Attorneys Office
1441 Main Street
Suite 500
Columbia, SC 29201
803-929-3000
Fax: 803-254-2943
Email: marshall.prince@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leon Rodriquez**
USDF-CRD
PO Box 66018
Washington, DC 20035
(202) 514-4866

**Lou de Baca**
USDJ-CRD
PO Box 66018
Washington, DC 20035
(202)514-8336

| Date Filed | # | Docket Text |
|---|---|---|
| 10/10/1996 | 1 | SEALED INDICTMENT as to Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 14, 15-20, 21, 22-23, Sebastian Gomez (2) count(s) 1, 2-4, 5-7, 8-10, 11-13, 14, 21, 24, 25, Andres Ixcoy (3) count(s) 1, 2-4, 5-7, 8-10, 11-13, 15-20, 22-23, Nolasco Castanada (4) count(s) 1, 5-7, 11-13 (sealed) (Entered: 10/18/1996) |
| 10/10/1996 | 2 | ORDER for Issuance of Bench Warrant as to Miguel A Flores; Warrant issued; Signed by Magistrate Judge Robert S. Carr ) (sealed) (Entered: 10/18/1996) |
| 11/14/1996 | 6 | ORDER UNSEALING INDICTMENT as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy, Nolasco Castanada (sealed) (Entered: 11/20/1996) |
| 11/14/1996 | | (Court only) **Remove sealed flag - case no longer sealed as to any party. (sealed) (Entered: 11/20/1996) |
| 11/18/1996 | | ARREST of Miguel A Flores, Sebastian Gomez in Southern District of Georgia (dpat) (Entered: 11/20/1996) |
| 11/19/1996 | 7 | Rule 40 Documents as to Miguel A Flores, Sebastian Gomez received from Southern District of Georgia (dpat) (Entered: 11/20/1996) |
| 11/19/1996 | | Added Government Attorney Albert Peter Shahid Jr. (dpat) (Entered: 11/20/1996) |
| 11/19/1996 | | Added Government Attorney Leon Rodriquez (dpat) (Entered: 11/20/1996) |
| 12/06/1996 | | (Court only) **Add Red Dot Flag - Spanish interpreter needed for defendants Flores, Gomez & Ixcoy (dpat) Modified on 02/27/1997 (Entered: 12/09/1996) |

| | | |
|---|---|---|
| 12/06/1996 | | Arraignment as to Miguel A Flores, Sebastian Gomez held before Magistrate Judge Robert S. Carr; Miguel A Flores (1) enters Plea Not Guilty as to count(s) 1, 2-4, 5-7, 8-10, 11-13, 14, 15-20, 21, 22-23, Sebastian Gomez (2) enters Plea Not Guilty as to count(s) 1, 2-4, 5-7, 8-10, 11-13, 14, 21, 24, 25; Government moves for detention; Counsel to be retained; Court reporter: Gilbert O'Brien, esr (dpat) (Entered: 12/09/1996) |
| 12/06/1996 | | Detention hearing as to Miguel A Flores, Sebastian Gomez held before Magistrate Judge Robert S. Carr; Government's motion for detention granted; Court reporter: Gilbert O'Brien, esr (dpat) (Entered: 12/09/1996) |
| 12/06/1996 | 8 | ORDER OF DETENTION PENDING TRIAL as to Miguel A Flores ( Signed by Magistrate Judge Robert S. Carr ) (dpat) (Entered: 12/09/1996) |
| 12/06/1996 | 10 | MOTION by Miguel A Flores, Sebastian Gomez for Karen Dove Barr to appear pro hac vice (dpat) (Entered: 12/09/1996) |
| 12/06/1996 | 11 | MOTION by Miguel A Flores, Sebastian Gomez to set Bond (dpat) (Entered: 12/09/1996) |
| 12/13/1996 | | Status conference as to Miguel A Flores, Sebastian Gomez held before Magistrate Judge Robert S. Carr; Counsel to be retained; Court reporter: Ruthie Nielson, esr (dpat) (Entered: 12/13/1996) |
| 12/17/1996 | | CASE assigned to Judge David C. Norton (former empl) (Entered: 12/18/1996) |
| 12/31/1996 | 22 | ARREST WARRANT Returned Executed as to Miguel A Flores on 11/14/96 (dpat) (Entered: 01/08/1997) |
| 01/08/1997 | 24 | NOTICE of Appearance for Miguel A Flores by Attorney Diedreich P von Lehe III (former empl) (Entered: 01/13/1997) |
| 01/08/1997 | 25 | MOTION by Miguel A Flores for discovery and inspection (former empl) (Entered: 01/13/1997) |
| 01/08/1997 | 26 | MOTION by Miguel A Flores for Bill of Particulars (former empl) (Entered: 01/13/1997) |
| 01/08/1997 | 27 | MOTION by Miguel A Flores to produce witness list (former empl) (Entered: 01/13/1997) |
| 01/08/1997 | 28 | EDWARDS NOTICE by Miguel A Flores as to Miguel A Flores (former empl) (Entered: 01/13/1997) |
| 01/08/1997 | 29 | MOTION by Miguel A Flores for leave to file additional motions (former empl) (Entered: 01/13/1997) |
| 01/17/1997 | | (Court only) **Terminated attorney Diedreich P von Lehe for Miguel A Flores, attorney Karen Dove Barr for Miguel A Flores as to Miguel A Flores (former empl) (Entered: 01/17/1997) |
| 01/27/1997 | 30 | RESPONSE by USA as to Miguel A Flores in opposition to [26-1] motion for Bill of Particulars (former empl) (Entered: 01/30/1997) |
| 01/31/1997 | | Pre-trial conference as to Miguel A Flores, Sebastian Gomez held before Judge David C. Norton Court reporter: Gilbert O'Brien, ESR Spanish interpreter, Carmen Schachte, sworn. Discovery turned over by government to defendants. Court sets |

| | | |
|---|---|---|
| | | additional pretrial for 3/5/97 (former empl) Modified on 02/05/1997 (Entered: 02/05/1997) |
| 01/31/1997 | | Minute entry as to Miguel A Flores, Sebastian Gomez : terminating [29-1] motion for leave to file additional motions as to Miguel A Flores (1), terminating [27-1] motion to produce witness list as to Miguel A Flores (1), terminating [26-1] motion for Bill of Particulars as to Miguel A Flores (1), terminating [25-1] motion for discovery and inspection as to Miguel A Flores (1), terminating [21-1] motion for Disclosure of Grand Jury proceedings as to Sebastian Gomez (2), terminating [19-1] motion for Bill of Particulars as to Sebastian Gomez (2), terminating [18-1] motion to compel Government's agents to retain rough notes and writings as to Sebastian Gomez (2), terminating [17-1] motion to compel Government for witness list as to Sebastian Gomez (2), terminating [16-1] motion for Disclosure of notice of Government's intention to utilize at trial, any discoverable evidence under Rule 16 as to Sebastian Gomez (2), terminating [14-1] motion to compel Government to disclose the identity of an informer as to Sebastian Gomez (2), terminating [13-1] motion for Disclosure of special arrangements as to Sebastian Gomez (2) (former empl) (Entered: 02/05/1997) |
| 01/31/1997 | | Deadline updated as to Miguel A Flores, Sebastian Gomez, set jury selection for 10:00 3/10/97 for Miguel A Flores, for Sebastian Gomez before Judge David C. Norton (former empl) (Entered: 02/05/1997) |
| 02/24/1997 | | Added Government Attorney Marshall Prince (former empl) (Entered: 02/24/1997) |
| 02/24/1997 | | (Court only) **Terminated attorney Albert Peter Shahid for USA as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy, Nolasco Castanada (former empl) (Entered: 02/24/1997) |
| 03/03/1997 | 41 | MOTION by USA as to Miguel A Flores for discovery - inspection and copying (former empl) (Entered: 03/04/1997) |
| 03/04/1997 | 43 | MOTION by Miguel A Flores to sever (former empl) (Entered: 03/04/1997) |
| 03/04/1997 | 44 | MOTION by Miguel A Flores to dismiss - prejudicial delay (former empl) (Entered: 03/04/1997) |
| 03/04/1997 | 45 | MOTION by Miguel A Flores to dismiss - abuse of Grand Jury process (former empl) (Entered: 03/04/1997) |
| 03/04/1997 | 46 | MOTION by Miguel A Flores to dismiss (former empl) (Entered: 03/04/1997) |
| 03/05/1997 | | Pre-trial conference as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy set at 9:00 3/20/97 for Miguel A Flores, for Sebastian Gomez, for Andres Ixcoy before Judge David C. Norton Court reporter: Gilbert O'Brien, ESR (former empl) (Entered: 03/05/1997) |
| 03/05/1997 | | Pre-trial conference as to Miguel A Flores, Sebastian Gomez held before Judge David C. Norton Court reporter: Gilbert O'Brien, ESR All discovery satisfied for defendant Flores. Defendant Flores' oral motion for bond - denied. Jury selection continued to 4/28/97 term of court. (former empl) (Entered: 03/05/1997) |
| 03/05/1997 | | ORAL ORDER as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy , continuing case to 4/28/97 as defendant Ixcoy recently arrested ( Entered by Judge David C. Norton (former empl) (Entered: 03/05/1997) |

| 03/05/1997 | | (Court only) **Excludable XT start as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy (former empl) (Entered: 03/05/1997) |
|---|---|---|
| 03/19/1997 | 47 | RESPONSE by USA as to Miguel A Flores in opposition to [11-1] motion to set Bond (former empl) (Entered: 03/19/1997) |
| 03/19/1997 | 48 | RESPONSE by USA as to Miguel A Flores in opposition to [45-1] motion to dismiss - abuse of Grand Jury process (former empl) (Entered: 03/19/1997) |
| 03/19/1997 | 49 | RESPONSE by USA as to Miguel A Flores in opposition to [44-1] motion to dismiss - prejudicial delay (former empl) (Entered: 03/19/1997) |
| 03/19/1997 | 50 | RESPONSE by USA as to Miguel A Flores in opposition to [46-1] motion to dismiss (former empl) (Entered: 03/19/1997) |
| 03/19/1997 | 51 | RESPONSE by USA as to Miguel A Flores in opposition to [43-1] motion to sever (former empl) (Entered: 03/19/1997) |
| 03/20/1997 | | Pre-trial conference as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy held before Judge David C. Norton Court reporter: Gilbert O'Brien, ESR Witnesses sworn. Motions argued. Trial date set as 4/28/97. Defendant Gomez has entered into plea agreement. Plea to be taken at later date. Plea negotiations ongoing with defendant Ixcoy. (former empl) (Entered: 03/20/1997) |
| 03/20/1997 | | ORAL ORDER as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy denying [46-1] motion to dismiss as to Miguel A Flores (1), denying [45-1] motion to dismiss - abuse of Grand Jury process as to Miguel A Flores (1), denying [44-1] motion to dismiss - prejudicial delay as to Miguel A Flores (1), denying [43-1] motion to sever as to Miguel A Flores (1), mooting [42-1] motion for discovery - inspection and copying as to Sebastian Gomez (2), mooting [41-1] motion for discovery - inspection and copying as to Miguel A Flores (1), mooting [15-1] motion for leave to file additional motions as to Sebastian Gomez (2), [11-1] motion to set Bond taken under advisement as to Miguel A Flores (1); mooting [11-1] motion to set Bond as to Sebastian Gomez (2), ( Entered by Judge David C. Norton ) (former empl) (Entered: 03/21/1997) |
| 04/01/1997 | 52 | SEALED MOTION by USA as to Miguel A Flores to compel (former empl) (Entered: 04/02/1997) |
| 04/01/1997 | 53 | SEALED AFFIDAVIT by USA as to Miguel A Flores (former empl) (Entered: 04/02/1997) |
| 04/02/1997 | 54 | MOTION by USA as to Miguel A Flores to seal Motion and Affidavit (former empl) (Entered: 04/02/1997) |
| 04/02/1997 | 54 | SEALED ORDER as to Miguel A Flores granting [54-1] motion to seal Motion to compel and Affidavit and accompanying documents and sealing this order as to Miguel A Flores (1) ( Signed by Judge David C. Norton ) (former empl) (Entered: 04/02/1997) |
| 04/07/1997 | | Added Government Attorney Lou de Baca (former empl) (Entered: 04/07/1997) |
| 04/09/1997 | 55 | MOTION by Miguel A Flores for Wayne Rowlee to withdraw as attorney (former empl) (Entered: 04/09/1997) |

| | | |
|---|---|---|
| 04/09/1997 | | STATUS OF COUNSEL HEARING (DCN/Gilbert O'Brien, ESR) as to Miguel A Flores granting [55-1] motion for Wayne Rowlee to withdraw as attorney (Terminated as to Miguel A Flores (1) Court appoints Dietrich von Lehe as counsel for defendant. Jury selection set for 4/28/97 with trial to follow in May, 1997( Entered by Judge David C. Norton ) (former empl) (Entered: 04/09/1997) |
| 04/09/1997 | | Jury selection as to Miguel A Flores, Andres Ixcoy set for 10:00 4/28/97 for Miguel A Flores, for Andres Ixcoy before Judge David C. Norton Court reporter: Gilbert O'Brien, ESR (former empl) (Entered: 04/09/1997) |
| 04/11/1997 | 56 | ORDER as to Miguel A Flores denying [11-1] motion to set Bond as to Miguel A Flores (1) ( Signed by Judge David C. Norton ) (former empl) (Entered: 04/14/1997) |
| 04/11/1997 | 57 | CJA 20 as to Miguel A Flores : Appointment of Attorney Diedrich von Lehe Voucher # 0372114 ( Signed by Judge David C. Norton ) (former empl) (Entered: 04/14/1997) |
| 04/25/1997 | 59 | Plea Agreement as to Miguel A Flores - defendant to plead guilty to Counts 1-13,15-22 (former empl) (Entered: 04/29/1997) |
| 05/07/1997 | | Change of Plea Hearing as to Miguel A Flores held before Judge David C. Norton/Gilbert O'Brien, ESR (former empl) (Entered: 05/08/1997) |
| 05/07/1997 | | PLEA entered by Miguel A Flores . Court accepts plea. Guilty: Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 15-20, 21, 22 (Terminated motions - terminating [52-1] motion to compel as to Miguel A Flores (1), terminating [10-1] motion for Karen Dove Barr to appear pro hac vice as to Miguel A Flores (1), Sebastian Gomez (2) ) Defendant remanded to custody USM pending sentencing (former empl) (Entered: 05/08/1997) |
| 05/07/1997 | | (Court only) **Procedural Interval start P9 as to Miguel A Flores (1) count(s) 14, 23 (former empl) (Entered: 05/08/1997) |
| 05/07/1997 | | (Court only) **Location LO as to Miguel A Flores (former empl) (Entered: 05/08/1997) |
| 05/12/1997 | | Sentencing set for 9:00 8/25/97 for Miguel A Flores before Judge David C. Norton Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 15-20, 21, 22 Court reporter: Gilbert O'Brien,ESR (obri) (Entered: 05/12/1997) |
| 09/10/1997 | | Sentencing oritinally set for 9:00 9/16/97 for Miguel A Flores, for Sebastian Gomez before Judge David C. Norton , Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, Sebastian Gomez (2) count(s) 1, 2-4, 5-7, 8-10, 11-13 cancelled until later date (former empl) (Entered: 09/10/1997) |
| 09/19/1997 | | Sentencing set for 9:30 11/6/97 for Miguel A Flores, for Sebastian Gomez before Judge David C. Norton Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 21, 22, Sebastian Gomez (2) count(s) 1, 2-4, 5-7, 8-10, 11-13, 21 Court reporter: Gilbert O'Brien, ESR (former empl) (Entered: 09/19/1997) |
| 09/26/1997 | | Sentencing rescheduled for 9:00 11/10/97 for Miguel A Flores, for Sebastian Gomez before Judge David C. Norton Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 21, 22, Sebastian Gomez (2) count(s) 1, 2-4, 5-7, 8-10, 11-13, 21 Court reporter: Gilbert O'Brien, ESR (former empl) (Entered: 09/26/1997) |

| | | |
|---|---|---|
| 10/02/1997 | 68 | OBJECTION by Miguel A Flores to Presentence Investigation Report as to Miguel A Flores (former empl) (Entered: 11/04/1997) |
| 10/17/1997 | | Sentencing set for 10:00 11/14/97 for Miguel A Flores, for Sebastian Gomez before Judge David C. Norton Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 21, 22, Sebastian Gomez (2) count(s) 1, 2-4, 5-7, 8-10, 11-13, 21 Court reporter: Gilbert O'Brien, ESR (former empl) (Entered: 10/17/1997) |
| 10/31/1997 | 69 | RESPONSE by USA as to Miguel A Flores, Sebastian Gomez in opposition to [68-1] objection, [67-1] objection (former empl) (Entered: 11/04/1997) |
| 11/13/1997 | 72 | RESPONSE by USA as to Miguel A Flores, Sebastian Gomez in opposition to [68-1] objection, [67-1] objection (former empl) (Entered: 11/17/1997) |
| 11/14/1997 | | Sentencing held before Judge David C. Norton Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 15-20, 21, 22 Court reporter: Gilbert O'Brien,ESR (obri) (Entered: 11/14/1997) |
| 11/14/1997 | 70 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Miguel A Flores (obri) (Entered: 11/14/1997) |
| 11/17/1997 | 75 | WAIVER of right to appeal by Miguel A Flores (dpat) (Entered: 11/19/1997) |
| 11/18/1997 | 73 | ADDENDUM to Plea Agreement as to Miguel A Flores - waiver of certain rights (former empl) (Entered: 11/19/1997) |
| 11/18/1997 | 74 | Acceptance of Responsibility by Miguel A Flores as to Miguel A Flores (former empl) (Entered: 11/19/1997) |
| 12/08/1997 | 78 | JUDGMENT Miguel A Flores (1) count(s) 1, 2 -4 , 5 -7 , 8 -10 , 11 -13 , 15 -20 , 21 , 22 . Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessment fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from incarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with established procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. , Miguel A Flores (1) count(s) 14, 23 . Dismissed on government's motion ( Signed by Judge David C. Norton ) (former empl) (Entered: 12/09/1997) |

| 02/17/1998 | 79 | Judgment Returned Executed as to Miguel A Flores ; on 1/28/98 at USP, Atlanta, Georgia (former empl) (Entered: 02/18/1998) |
|---|---|---|
| 02/26/1998 | 80 | AMENDED JUDGMENT: Miguel A Flores (1) count(s) 1, 2 -4 , 5 -7 , 8 -10 , 11 -13 , 15 -20 , 21 , 22 . Defendant committed to custody Bureau of Prisons for 180 months. This term consists of 180 months as to Counts 8-13, all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, defendant shall pay a $50 special assessment fee for each of Counts 1-13, 15-21 and a $25 special assessment fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The Court recommends defendant be incarcerated in a federal facility as close to central Florida as possible. Upon release from imprisonment, defendant shall be on supervised release for term of 3 years as to Counts 1-13 and 15-22, all counts to run concurrently. Defendant shall comply with the additional conditions: (1) defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) defendant shall pay any remaining special assessment fee within 60 days of his release from incarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, defendant shall be surrendered to duly authorized immigration official for deportation in accordance with established procedure provided by Immigration and Naturalization Service (Section 1101). Once ordered deported, the defendant shall remain outside the U.S., and (4) defendant shall pay any remaining restitution at a rate to be determined by the Court. AMENDED JUDGMENT - Defendant to be given credit for time served after his arrest on November 14, 1996. (Remainder of original judgment remains the same) ( Signed by Judge David C. Norton ) (former empl) (Entered: 02/26/1998) |
| 03/02/1998 | 81 | MOTION by Miguel A Flores for Diedreich P. von Lehe, III to withdraw as attorney (former empl) (Entered: 03/04/1998) |
| 03/02/1998 | 82 | ORDER as to Miguel A Flores granting [81-1] motion for Diedreich P. von Lehe, III to withdraw as attorney (Terminated attorney Diedreich P von Lehe for Miguel A Flores as to Miguel A Flores (1) ( Signed by Judge David C. Norton ) mld (former empl) (Entered: 03/04/1998) |
| 03/02/1998 | 83 | NOTICE OF APPEAL by Miguel Flores Filing Fee CJA (snel) (Entered: 03/04/1998) |
| 03/05/1998 | | Notice of appeal and certified copy of docket as to Miguel A Flores to USCA, USDJ, counsel, defendant: [83-1] appeal (snel) (Entered: 03/05/1998) |
| 03/18/1998 | | NOTICE of Docketing ROA from USCA as to Miguel A Flores Re: [83-1] appeal USCA Number: 98-4178/Carina Domeika (snel) (Entered: 03/18/1998) |
| 03/19/1998 | 85 | Transcript purchase order by Miguel A Flores re: [83-1] appeal by Miguel A Flores (snel) (Entered: 03/19/1998) |
| 04/14/1998 | 86 | CHANGE OF PLEA HEARING TRANSCRIPT filed as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy Re: [83-1] appeal for dates of 5/7/97 before the Honorable David C Norton/Gilbert O'Brien,ESR (obri) (Entered: 04/14/1998) |

| 06/29/1998 | 87 | Certificate that the Record on Appeal is Complete as to Miguel A Flores for [83-1] appeal by Miguel A Flores (contians sealed material) (snel) (Entered: 06/29/1998) |
| 08/24/1998 | 88 | TRANSCRIPT of Sentencing Hearing before the Honorable David C Norton filed as to Miguel A Flores, Sebastian Gomez Re: [83-1] appeal for dates of 11/14/97 Court Reporter: Gilbert O'brien,ESR (obri) (Entered: 08/26/1998) |
| 11/01/1999 | 92 | Opinion of the 4th Circuit affirming USDC sentence as to Miguel A Flores re: [83-1] appeal by Miguel A Flores (jwol) (Entered: 11/08/1999) |
| 11/29/1999 | 93 | JUDGMENT OF USCA (certified copy) as to Miguel A Flores Re: [83-1] appeal affirming judgment/order Miguel A Flores (1) count(s) 1, 2-4, 5-7, 8-10, 11-13, 14, 15-20, 21, 22, 23 _ (jwol) (Entered: 11/29/1999) |
| 03/30/2001 | | (Court only) **Remove appeal flag - no further appeals pending (jwol) (Entered: 03/30/2001) |
| 04/16/2001 | | (Court only) Presentence Report as to Miguel A Flores returned to USPO Marc Embler (former empl) (Entered: 04/16/2001) |
| 02/02/2004 | | (Court only) ** File sent to the chambers of Judge David C. Norton for ruling on IFP motion (jwol) (Entered: 02/02/2004) |
| 02/10/2004 | | (Court only) ** Removed Chambers Flag. File returned to Clerk's Office. (jwol) (Entered: 02/10/2004) |
| 02/10/2004 | | (Court only) **Set appeal flag. (jwol) (Entered: 02/10/2004) |
| 08/09/2004 | | (Court only) **Remove appeal flag - no further appeals pending (jwol) (Entered: 08/09/2004) |
| 03/12/2009 | 126 | (Court only) ***Set/Clear Flags as to Miguel A Flores, Sebastian Gomez, Andres Ixcoy (gjoh, ) (Entered: 03/12/2009) |
| 01/03/2011 | 128 | Probation Jurisdiction Transferred to District of Colorado as to Miguel A Flores Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (gjoh, ) (Entered: 01/03/2011) |

AO 245C (Rev. 5/97) Sheet 1 - Amended Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## District of South Carolina

UNITED STATES OF AMERICA

vs.

MIGUEL A. FLORES

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Date of Original Judgment:** 12/8/97
(or Date of Last Amended Judgment)

**Reason for Amendment:**

Case Number: 2:96-806-1

Diedreich von Lehe, III, Esquire
Defendant's Attorney

**FILED**

**FEB 26 1998**

LARRY W. PROPES, CLERK
CHARLESTON, SC

☐ Correction of Sentence on Remand (Fed.R.Crim.P.35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))

■ Correction of Sentence for Clerical mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))
Direct Motion to District Court Pursuant to

☐ 28 U.S.C. §2255.     ☐ 18 U.S.C. §3559(c)(7), or

☐ Modification of Restitution Order

**ENTERED**
2/26/98

**THE DEFENDANT:**

■ pleaded guilty to count(s) <u>1-13 and 15-22 of the Indictment on May 7, 1997</u>

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to violate 18:1584, 894 8:1324(a)(1)(B), 1324(a)(1)(C) and 29:1841(b)(1)(A), 151 | August 1992 | 1 |
| 18:1584 | Involuntary Servitude | June 1992 | 2-7 |
| 18:894 | Collection of extention of credit by extortionate means | June 1992 | 8-13 |
| 8:1324(a)(1)(B) | Transporting certain aliens | July 1992 | 15-20 |
| 8:1324(a)(1)(C) | Harboring certain aliens | August 1992 | 21 |
| 29:1841(b)(1)(A) and 1851 | Failure to ensure motor vehicle safety | May 1992 | 22 |
| 18:2 | Aid and Abet | August 1992 | 1-13, 15-21.22 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

■ Count(s) <u>14 and 23</u> is/are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:        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
Defendant's Date of Birth:        3/31/53
Defendant's USM No.:              09306-021

Defendant's Residence Address:
710 Palm Avenue
LaBelle, Florida 33935

Defendant's Mailing Address:
710 Palm Avenue
LaBelle, Florida 33935

November 14, 1997
Date of Imposition of Judgment

Signature of Judicial Officer

David C. Norton, U. S. District Judge
Name and Title of Judicial Officer

Feb. 26, 1998
Date

80

AO 245B (Rev. 5/97) Sheet 2 - Imprisonment

DEFENDANT: MIGUEL A. FLORES
CASE NUMBER: 2:96-806-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 180 Months. This term consists of 180 months as to counts 8-13; all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts. While incarcerated, the defendant shall pay a $50 special assessment fee for Counts 1-13, 15-21 and a $25 special assessment fee for count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program. The defendant shall be given credit for time served after his arrest on November 14, 1996.*

■  The court makes the following recommendations to the Bureau of Prisons:
Defendant to be incarcerated in a federal facility as close to central Florida as possible

■  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
☐ at _ a.m./p.m. on .
☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on _.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (Rev. 5/97) Sheet 3 - Supervised Release

DEFENDANT: MIGUEL A. FLORES
CASE NUMBER: 2:96-806-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
3 years as to counts 1-13 and 15-22, all counts to run concurrently.  The defendant shall also comply with the additional conditions: (1) The defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis testing as directed by the U. S. Probation Officer; (2) The defendant shall pay any remaining special assessment fee within 60 days of his release from incarceration; (3) Upon completion of the term of imprisonment or the earliest time as designated by the Attorney General of the United States, the defendant shall be surrendered to a duly authorized immigration official for deportation in accordance with the established procedure provided by the Immigration and Naturalization Service (Section 1101).  Once ordered deported, the defendant shall remain outside the United States, and (4) The defendant shall pay any remaining restitution at a rate to be determined by the Court.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

■  The defendant shall not possess a firearm as defined in 18 U.S.C. §921.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 5/97) Sheet 5 Part A - Criminal Monetary Penalties

DEFENDANT:  MIGUEL A. FLORES
CASE NUMBER:  2:96-806-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $  1,025.00 | $ | $  19,807.50 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . . . $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $__.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred, until _____.  An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.
If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Crime Victims Fund |  | $19,807.50 |  |
| Totals: | $_ | $  19,807.50 |  |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 5/97) Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT:  MIGUEL A. FLORES
CASE NUMBER:  2:96-806-1

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ in full immediately; or

B ☐ $immediately, balance due (in accordance with C, D or E); or

C ☐ not later than; or

D ☐ in installments to commence day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in installments of $ over a period of year(s) to commence day(s) after the date of this judgment.

The Defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:
(1) $1,025.00 special assessment to be paid in accordance with the Bureau of Prisons' Financial Responsibility Program with any remaining fee to be paid within 60 days of his release from incarceration; (2) $19,807.50 restitution to be paid in accordance with the Bureau of Prisons' Financial Responsibility Program with any remaining restitution to be paid as directed by the U. S. Probation Office.

☐ Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the Probation Officer or the United States Attorney.

AO 245-B (Rev. 5/97) Sheet 1 - Judgment in a Criminal Case     2:96-cr-00806-DCN   Date Filed 12/08/97   Entry Number 78   Page 1 of 6

**FILED**

# United States District Court
# District of South Carolina

DEC  8 1997

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES OF AMERICA

vs.

MIGUEL A. FLORES

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 2:96-806-01

Diedreich von Lehe, III
Defendant's Attorney

**ENTERED**

12/9/97

**THE DEFENDANT:**

■ pleaded guilty to count(s) 1-13 and 15-22 of the Indictment on May 7, 1997.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to violate 18:1584, 894 8:1324(a)(1)(B), 1324(a)(1)(C) and 29:1841(b)(1)(A), 1851 | August 1992 | 1 |
| 18:1584 | Involuntary Servitude | June 1992 | 2-7 |
| 18:894 | Collection of extention of credit by extortionate means | June 1992 | 8-13 |
| 8:1324(a)(1)(B) | Transportating certain aliens | July 1992 | 15-20 |
| 8:1324(a)(1)(C) | Harboring certain aliens | August 1992 | 21 |
| 29:1841(b)(1)(A) and 1851 | Failure to ensure motor vehicle safety | May 1992 | 22 |
| 18:2 | Aid and Abet | August 1992 | 1-13, 15-21, 22 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

■ Count(s) 14 and 23 of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:     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
Defendant's Date of Birth:     03/31/53
Defendant's USM No.:     09306-021

Defendant's Residence Address:
710 Palm Avenue
LaBelle, Florida   33935

Defendant's Mailing Address:
710 Palm Avenue
LaBelle, Florida   33935

November 14, 1997
Date of Imposition of Judgment

Signature of Judicial Officer

David C. Norton, U. S. District Judge
Name and Title of Judicial Officer

December 8, 1997
Date

AO 245B (Rev. 5/97) Sheet 2 - 096-7-00806-DICN    Date Filed 12/08/97    Entry Number 78    Page 2 of 6

DEFENDANT: MIGUEL A. FLORES
CASE NUMBER: 2:96-806-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 180 months.  This term consists of 180 months as to counts 8-13; all counts to run concurrently; 60 months as to Counts 1-7 and 15-20 to run concurrently with all other counts; 22 months as to Count 21 to run concurrently with all other counts; 12 months as to Count 22 to run concurrently with all other counts.  While incarcerated, the defendant shall pay a $50 special assessment fee for Counts 1-13, 15-21 and a $25 special assessment fee for Count 22 for a total of $1,025 and restitution in the amount of $19,807.50 in accordance with the Bureau of Prisons' Financial Responsibility Program.

■   The court makes the following recommendations to the Bureau of Prisons:
Defendant to be incarcerated in a federal facility as close to central Florida as possible

■   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
☐ at _ a.m./p.m. on .
☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on _.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

Judgment - Page 3 of 6

DEFENDANT: MIGUEL A. FLORES
CASE NUMBER: 2:96-806-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
3 years as to counts 1-13 and 15-22, all counts to run concurrently.  The defendant shall also comply with the additional
conditions. (1) The defendant shall participate in inpatient/outpatient substance abuse treatment to include urinalysis
testing as directed by the U. S. Probation Officer; (2) The defendant shall pay any remaining special assessment fee within
60 days of his release from incarceration; (3) Upon completion of the term of imprisonment or the earliest time as
designated by the Attorney General of the United States, the defendant shall be surrendered to a duly authorized
immigration official for deportation in accordance with the established procedure provided by the Immigration and
Naturalization Service (Section 1101).  Once ordered deported, the defendant shall remain outside the United States, and
(4) The defendant shall pay any remaining restitution at a rate to be determined by the Court.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release
from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test
within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk
of future substance abuse. (Check, if applicable.)

■   The defendant shall not possess a firearm as defined in 18 U.S.C. §921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant
pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance
with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five
days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training,
or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person
convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit
confiscation of any contraband observed in plain view by the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law
enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency
without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the
defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such
notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 5/97) Sheet 5 Part A - Criminal Monetary Penalties

DEFENDANT:  MIGUEL A. FLORES
CASE NUMBER:  2:96-806-01

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $  $1,025.00 | $ | $  $19,807.50 |

The above special assessment is due:

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . . . $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $__.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  The interest requirement is waived.

☐  The interest requirement is modified as follows:

# RESTITUTION

☐  The determination of restitution is deferred, until _____.  An Amended Judgment in a Criminal Case will be entered after such a determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.
If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Crime Victims Fund |  | $19,807.50 |  |
| Totals: | $_ | $  19,807.50 |  |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 5/97) Sheet 5, Part B - Criminal Monetary Penalties   Date Filed 12/08/97   Entry Number 78   Page 5 of 6

Judgment - Page 5 of 6

DEFENDANT:  MIGUEL A. FLORES
CASE NUMBER:  2:96-806-01

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☐   in full immediately; or

B   ☐   $immediately, balance due (in accordance with C, D or E); or

C   ☐   not later than; or

D   ☐   in installments to commence day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in installments of $ over a period of year(s) to commence day(s) after the date of this judgment.

The Defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties: (1) $1,025.00 special assessment to be paid in accordance with the Bureau of Prisons' Financial Responsibility Program with any remaing fee to be paid within 60 days of his release from incarceration. (2) $19,807.50 restitution to be paid in accordance with the Bureau of Prisons' Financial Responsibility Program with any remaining restitution to be paid as directed by the U. S. Probation Office.

☐   Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of cri⸍ ⸍ monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made throu⸍ Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the Probation Officer or the United States Att⸍

AO 245B (Rev. 5/97) Sheet 6 - Statement of Reasons   2:96-cr-00806-DCN   Date Filed 12/08/97   Entry Number 78   Page 6 of 6

Judgment - Page 6 of 6

DEFENDANT:  MIGUEL A. FLORES
CASE NUMBER:  2:96-806-01

# STATEMENT OF REASONS

■  The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): ___

**Guideline Range Determined by the Court:**
    Total Offense Level:  _35_
    Criminal History Category:  _I_
    Imprisonment Range:  _168_ to _210_ months
    Supervised Release Range:  _2_ to _3_ years
    Fine Range:  $_ to $_
        ■  Fine waived or below the guideline range because of inability to pay.
    Total Amount of Restitution:  $ _$39,615_
        ☐  Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. §3663(d).
        ☐  For offenses committed on or after Sept. 14, 1994 but before April 23, 1996, that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.
        ■  Partial restitution is ordered for the following reason(s): Restitution is owed jointly by the defendants, as they both profited by their exploitation of the workers in their organization.

☐  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

■  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):  because of the violent nature of the crime

**OR**



☐  The sentence departs from the guideline range:
        ☐  upon motion of the government, as a result of defendant's substantial assistance.
        ☐  for the following specific reason(s): ___

FILED

OCT 1 0 1996

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

LARRY W. PROPES, CLERK
CHARLESTON, SC

|  |  |
|---|---|
|  | ) CRIMINAL NO.: 2:96-806 |
|  | ) |
|  | ) 18 U.S.C. § 371: Conspiracy; |
|  | ) 18 U.S.C. § 1584: Involuntary |
|  | ) Servitude; |
| UNITED STATES OF AMERICA, | ) 18 U.S.C. § 894: |
|  | ) Collection of an Extension |
|  | ) Of Credit By Extortionate |
|  | ) Means; |
| v. | ) 18 U.S.C. § 924(c): Use of |
|  | ) Firearm in Commission of |
|  | ) a Crime of Violence; |
| MIGUEL A. FLORES, | ) 8 U.S.C. § 1324(a)(1)(B): |
| SEBASTIAN GOMEZ, | ) Transporting Certain Aliens; |
| ANDRES IXCOY, | ) 8 U.S.C. § 1324(a)(1)(C): |
| NOLASCO CASTAÑEDA | ) Harboring Certain Aliens; |
|  | ) 29 U.S.C. § 1851: Failure to |
|  | ) Ensure Motor Vehicle Safety; |
|  | ) 8 U.S.C. § 1326: Unlawful |
| Defendants. | ) Entry into the United States |
|  | ) After Deportation; |
|  | ) 18 U.S.C. § 922(g)(5) |
|  | ) Possession of a Firearm by a |
|  | ) Prohibited Person; |
|  | ) 18 U.S.C. §2: Aiding and |
|  | ) Abetting |

INDICTMENT

# S E A L E D

THE GRAND JURY CHARGES:

## INTRODUCTION

1.   Defendant **MIGUEL FLORES** was responsible for operating agricultural enterprises from the late 1980s until the fall of 1996, doing business as Miguel A. Flores Harvesting (hereinafter, "the Flores operation".)   The Flores operation would provide labor to local growers to plant and harvest crops and perform other work.

2.    Defendant **SEBASTIAN GOMEZ** worked ·as the principal assistant in the Flores operation, supervising crews of migrant farm workers within the Flores operation.

3.    A basic operating principle of the Flores operation was to profit from field labor performed by a work force of migrant farm workers who had been smuggled to South Carolina and elsewhere by the defendants and their co-conspirators

4.    Defendants **NOLASCO CASTAÑEDA** and **ANDRES IXCOY** worked as "coyotes" -- recruiters and transporters of laborers -- for the Flores operation.

5.    During the times relevant to this indictment, during the summer harvesting season, the defendants held their workers at several labor camps located in the Manning area of rural Clarendon County, South Carolina (the "Manning compound").  The "Red Camp" was the main encampment for the migrant farm workers employed in the Flores operation.  The camp is in a secluded area, surrounded by woods and marshes, and consists of three barracks buildings.  The only exit from the camp is an unlit, unpaved lane which runs out to the main road.

6.    At the times relevant to this indictment, the defendants and their co-conspirators, aiding and abetting one another, would recruit numerous migrant farm workers (herinafter "migrant workers" or "farm workers") to fulfill the work force requirements of the Flores operation.  These migrant workers came from impoverished backgrounds and had little education.  Very few of the migrant farm workers spoke English.  The defendants and

2

their co-conspirators, aiding and abetting one another, transported the migrant workers from the United States border to South Carolina illegally, then held them in involuntary servitude at the Red Camp and elsewhere.  The migrant workers were kept at the camps through threats of force, uses of force, and other extortionate means.

### COUNT ONE
### [18 U.S.C § 371]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury but no later than in or about May of 1992, and continuing through in or about August of 1992, in Clarendon County, within the District of South Carolina and elsewhere, defendants MIGUEL FLORES, SEBASTIAN GOMEZ, ANDRES IXCOY, and NOLASCO CASTAÑEDA, and others known and unknown to the Grand Jury, conspired and agreed with each other to commit offenses against the United States, namely:

(1) to willfully hold numerous migrant farm workers in a condition of involuntary servitude, in violation of Title 18, United States Code, Section 1584;

(2) to knowingly use extortionate means against numerous migrant farm workers in order to collect and attempt to collect on extensions of credit, in violation of Title 18, United States Code, Section 894;

(3) to transport numerous alien migrant farm workers to the Manning compound and other labor sites within the United States,

3

knowing or in reckless disregard for the fact that they were remaining within the United States illegally, in violation of Title 8, United States Code, Section 1324(a)(1)(B);

(4) to harbor numerous alien migrant farm workers within the Manning compound and other labor sites within the United States, knowing or in reckless disregard for the fact that they were remaining within the United States illegally, in violation of Title 8, United States Code, Section 1324(a)(1)(C);

(5) to knowingly and willfully transport migrant farm workers in dangerous conditions through the use of vehicles which did not meet applicable safety standards, in violation of 29 United States Code, Sections 1841(b)(1)(A) and 1851.

B.   **PLAN AND PURPOSE OF THE CONSPIRACY**

It was part of the plan and purpose of the defendants' conspiracy to recruit and illegally transport undocumented aliens from the border to the defendants' labor sites within the United States, in order to ensure an available labor force. It was further the plan and purpose of the conspiracy to subject these migrant farm workers to unsafe and unsanitary conditions in unsafe vehicles, that were improperly modified in order to transport large numbers of workers.

It was part of the plan and purpose of the defendants' conspiracy to extend credit to these migrant farm workers by charging them for their transportation (hereinafter, the "smuggling fee"), which was to be paid off through weekly

deductions from their pay, in order to further control and exploit the workers.  It was further the plan and purpose of the conspiracy to collect this extension of credit through extortionate means.

At the Manning compound and elsewhere, it was further the plan and purpose of the defendants' conspiracy to hold migrant farm workers to a condition of involuntary servitude.  The defendants compelled such involuntary servitude by threatening harm to the migrant workers if they tried to escape; by furthering a climate of fear by publicly beating two workers after one had questioned the condition of servitude; by imposing an extension of credit which the defendants created to exploit them; and by isolating the migrant farm workers at the Manning labor compounds and elsewhere in conditions designed to eliminate resistance to such servitude.

C.   MEANS OF THE CONSPIRACY

Defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, and others known and unknown to the Grand Jury, accomplished the objects of the conspiracy as follows:

1.   Defendant **ANDRES IXCOY** and others known and unknown to the Grand Jury, working on behalf of defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, would recruit undocumented migrant farm workers in Chandler Heights, Arizona, at the border of the United States and Mexico, to work for the Flores operation.

2.   Defendant **ANDRES IXCOY** and others known and unknown to

5

the Grand Jury, would transport groups of migrant farm workers to
the Manning compounds in South Carolina in vans or rental trucks
which had been improperly modified to facilitate such
transportation.  Defendant **ANDRES IXCOY** and these others would
generally not allow the workers to leave the van for food or to
use restroom facilities during the trip to South Carolina, and
would force the workers to remain in crowded, dirty conditions.

3.    Defendants **ANDRES IXCOY, MIGUEL FLORES**, and **SEBASTIAN
GOMEZ** and others known and unknown to the Grand Jury would extend
credit to the migrant farm workers in exchange for the
transportation from the United States border, and would use this
extension of credit as leverage to prolong the workers' term of
servitude at the Manning compound and elsewhere.

4.    At the Manning compound, upon the delivery of the
migrant farm workers, defendants **MIGUEL FLORES** and **SEBASTIAN
GOMEZ**, and other persons known and unknown to the Grand Jury,
would assign the migrant farm workers to their work and sleeping
units within the compound.

5.    At the Manning compound, upon delivery of the migrant
farm workers, defendants **MIGUEL FLORES, SEBASTIAN GOMEZ, ANDRES
IXCOY**, and **NOLASCO CASTAÑEDA**, and other persons known and unknown
to the Grand Jury, would direct the migrant farm workers that
they were not free to leave until their smuggling fee had been
paid off through working in the fields, and threatened that they
would be hunted down and physically harmed if they disobeyed this
order.

6

6.    Defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, and others known and unknown to the Grand Jury, aiding and abetting each other, would act as overseers.  They would force the migrant farm workers to labor in various fields in the area around the camps for meager wages, much of which would be subtracted to pay the debt demanded by the defendants.

7.    Defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, aiding and abetting each other, would subject the migrant farm workers to poor and crowded living conditions and to unsafe work conditions.

8.    Defendants **MIGUEL FLORES, SEBASTIAN GOMEZ, ANDRES IXCOY**, and **NOLASCO CASTAÑEDA**, and others known and unknown to the Grand Jury, while aiding and abetting each other, would physically threaten the migrant farm workers in order to scare them from attempting to leave the Flores operation or escape from the Manning labor compound.  They would also use physical force to support those threats, including assaulting workers as punishment, firing weapons in the compound, and displaying firearms to the migrant workers.

D.  <u>OVERT ACTS</u>

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the defendants **MIGUEL FLORES, SEBASTIAN GOMEZ, ANDRES IXCOY**, and **NOLASCO CASTAÑEDA**, and others known and unknown to the Grand Jury committed various overt acts, in Clarendon County, South Carolina, within the District of South

7

Carolina and elsewhere, including, but not limited to the following:

1.    In or about the summer of 1992, defendant **MIGUEL FLORES** arranged with a person known to the Grand Jury to modify vehicles for use in smuggling aliens unlawfully in the United States to the Manning compound from the United States border by removing the seats and reconditioning the outside of the vehicles to ensure that they would not draw the suspicion of immigration and other law enforcement authorities on the trip from the Mexico-United States border.

2.    In or about May or June of 1992, in the area of Chandler Heights, Arizona, defendant **ANDRES IXCOY** recruited Antonio Perez, an undocumented alien present in the United States, as a migrant farm worker for the Flores operation.

3.    In or about May or June of 1992, defendant **ANDRES IXCOY**, with another person unknown to the Grand Jury, drove Antonio Perez and other migrant farm workers from Chandler Heights, Arizona to Manning, South Carolina, in a van from which all of the rear passenger seats had been removed.  Defendant **ANDRES IXCOY** would generally not let Antonio Perez or the other workers leave the van in order to use restroom facilities or to eat during the approximately two-to-three day ride.

4.    In or about May or June of 1992, defendant **MIGUEL FLORES** extended credit to Antonio Perez and the other migrant farm workers brought by defendant **ANDRES IXCOY**.  They were informed that they had to work for the Flores operation for as

8

long as it took to pay off the smuggling fee through deductions from their pay.

5.   In or about May or June of 1992, defendant **SEBASTIAN GOMEZ** threatened the migrant farm workers that anyone who attempted to leave the camp would be chased and killed.

6.   On or about June 19, 1992, in full view of many of the other migrant farm workers, defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, and others known and unknown to the Grand Jury, aiding and abetting one another, beat Antonio Perez as punishment.

7.   On or about June 19, 1992, defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, aiding and abetting one another, struck Ramon Peña, a migrant worker, in the head with a semi-automatic pistol, causing Peña to sustain a concussion and severe contusions and lacerations to his head.

8.   On or about June 19, 1992, defendant **MIGUEL FLORES** directed another person known to the grand jury to go to the hospital in order to ensure that the involvement of defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ** was not discovered by the authorities.

9.   From in or about May of 1992 to in or about July of 1992, defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, and other persons known and unknown to the grand jury, aiding and abetting one another, threatened the migrant workers by discharging firearms in and around the compound.

10.   From in or about May of 1992 to in or about July of

9

1992, defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, and other persons known and unknown to the grand jury, aiding and abetting one another, would brandish weapons in conjunction with verbal threats to the migrant workers.

11.   In or about July of 1992, defendant **ANDRES IXCOY** recruited Pascual Agustin-Mendez, who was an undocumented alien in the United States, as a migrant farm worker for the Flores operation.

12.   In or about July of 1992, defendant **ANDRES IXCOY** drove Pascual Agustin-Mendez and other migrant farm workers from Chandler Heights, Arizona to Manning, South Carolina, in a van from which all of the seats had been removed.  Defendant **ANDRES IXCOY** would generally not let these workers leave the van in order to use restroom facilities or to eat.

13.   In or about July of 1992, defendant **ANDRES IXCOY** fraudulently imposed a debt on Pascual Agustin-Mendez; deceiving him by promising to take him to Florida in exchange for a smuggling fee, but in fact delivering him to defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ** at the Manning compound in South Carolina.

14.   In or about July or August of 1992, defendant **ANDRES IXGOY** stated to Pascual Agustin-Mendez that he would have to pay his smuggling fee by deductions from his wages from the Flores operation.

15.   In or about August of 1992, defendant **MIGUEL FLORES** extended credit to Pascual Agustin-Mendez and the other migrant

10

farm workers brought by defendant **ANDRES IXCOY**.  They were informed that they had to work for the Flores operation for as long as it took to pay off the smuggling fee through deductions from their pay.

16.  In or about August of 1992, defendants **ANDRES IXCOY**, and **NOLASCO CASTAÑEDA**, and others known and unknown to the Grand Jury, aiding and abetting one another, informed Pascual Agustin-Mendez that he would be found and physically harmed if he attempted to escape.

17.  In or about August of 1992, **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, aiding and abetting one another, informed Pascual Agustin-Mendez that he could not leave the Manning compound, and brandished a pistol in order to threaten him.

All in violation of Title 18, United States Code, Section 371.

11

COUNT TWO

**THE GRAND JURY FURTHER CHARGES:**

Beginning in or about May, 1992 until on or about June 20, 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES, SEBASTIAN GOMEZ,** and **ANDRES IXCOY,** while aiding and abetting each other, did knowingly and willfully hold Antonio Perez to a condition of involuntary servitude for a term.

All in violation of Title 18, United States Code, Section 1584 and Title 18, United States Code, Section 2.

12

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES:**

Beginning in or about May, 1992 until on or about June 29, 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES**, **SEBASTIAN GOMEZ**, and **ANDRES IXCOY**, while aiding and abetting each other, did knowingly and willfully hold Julia Gabriel to a condition of involuntary servitude for a term.

All in violation of Title 18, United States Code, Section 1584 and Title 18, United States Code, Section 2.

13

COUNT FOUR

**THE GRAND JURY FURTHER CHARGES:**

Beginning in or about May, 1992 until on or about June 29, 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES**, **SEBASTIAN GOMEZ**, and **ANDRES IXCOY**, while aiding and abetting each other, did knowingly and willfully hold Benito Velasquez to a condition of involuntary servitude for a term.

All in violation of Title 18, United States Code, Section 1584 and Title 18, United States Code, Section 2.

14

COUNT FIVE

**THE GRAND JURY FURTHER CHARGES:**

In or about July and August of 1992, in Clarendon County,
within the District of South Carolina, and elsewhere, the
defendants **MIGUEL FLORES, SEBASTIAN GOMEZ, ANDRES IXCOY,** and
**NOLASCO CASTAÑEDA,** while aiding and abetting each other, did
knowingly and willfully hold Pascual Agustin-Mendez to a
condition of involuntary servitude for a term.

All in violation of Title 18, United States Code, Section
1584 and Title 18, United States Code, Section 2.

15

COUNT SIX

**THE GRAND JURY FURTHER CHARGES:**

In or about July and August of 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES**, **SEBASTIAN GOMEZ**, **ANDRES IXCOY**, and **NOLASCO CASTAÑEDA**, while aiding and abetting each other, did knowingly and willfully hold Eduardo Lopez-Rodriguez to a condition of involuntary servitude for a term.

All in violation of Title 18, United States Code, Section 1584 and Title 18, United States Code, Section 2.

16

COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES:**

In or about July and August of 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES**, **SEBASTIAN GOMEZ**, **ANDRES IXCOY**, and **NOLASCO CASTAÑEDA**, while aiding and abetting each other, did knowingly and willfully hold Nicolas Garcia-Mendez to a condition of involuntary servitude for a term.

All in violation of Title 18, United States Code, Section 1584 and Title 18, United States Code, Section 2.

17

COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES:**

From in and about May of 1992 to on or about June 20, 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES, SEBASTIAN GOMEZ,** and **ANDRES IXCOY,** while aiding and abetting one another, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Antonio Perez, and to punish Antonio Perez for the nonrepayment thereof.

All in violation of Title 18, United States Code, Section 894(a)(1)&(2) and Title 18, United States Code, Section 2.

18

COUNT NINE

**THE GRAND JURY FURTHER CHARGES:**

From in and about May of 1992 to on or about June 29, 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES, SEBASTIAN GOMEZ**, and **ANDRES IXCOY**, while aiding and abetting one another, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Julia Gabriel, and to punish Julia Gabriel for the nonrepayment thereof.

All in violation of Title 18, United States Code, Section 894(a)(1)&(2) and Title 18, United States Code, Section 2.

19

COUNT TEN

**THE GRAND JURY FURTHER CHARGES:**

From in and about May of 1992 to on or about June 29, 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES**, **SEBASTIAN GOMEZ**, and **ANDRES IXCOY**, while aiding and abetting one another, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Benito Velasquez, and to punish Benito Velasquez for the nonrepayment thereof.

All in violation of Title 18, United States Code, Section 894(a)(1)&(2) and Title 18, United States Code, Section 2.

20

COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES:**

In and about July and August of 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES, SEBASTIAN GOMEZ, ANDRES IXCOY,** and **NOLASCO CASTAÑEDA,** while aiding and abetting one another, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Pascual Agustin-Mendez, and to punish Pascual Agustin-Mendez for the nonrepayment thereof.

All in violation of Title 18, United States Code, Section 894(a)(1)&(2) and Title 18, United States Code, Section 2.

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES:**

In and about July and August of 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES, SEBASTIAN GOMEZ, ANDRES IXCOY**, and **NOLASCO CASTAÑEDA**, while aiding and abetting one another, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Eduardo Lopez-Rodriguez, and to punish Eduardo Lopez-Rodriguez for the nonrepayment thereof.

All in violation of Title 18, United States Code, Section 894(a)(1)&(2) and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES:**

In and about July and August of 1992, in Clarendon County, within the District of South Carolina, and elsewhere, the defendants **MIGUEL FLORES**, **SEBASTIAN GOMEZ**, **ANDRES IXCOY**, and **NOLASCO CASTAÑEDA**, while aiding and abetting one another, did knowingly participate in the use of extortionate means to collect and attempt to collect an extension of credit from Nicolas Garcia-Mendoza, and to punish Nicolas Garcia-Mendoza for the nonrepayment thereof.

All in violation of Title 18, United States Code, Section 894(a)(1)&(2) and Title 18, United States Code, Section 2.

COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES:**

From in or about May of 1992, through in or about August of 1992, the defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, and others known to the Grand Jury but not named herein, aiding and abetting one another, did willfully use and carry a firearm during and in relation to crimes of violence prosecutable in a court of the United States, that is, Title 18 U.S.C. § 371, Conspiracy, as charged in Count One, Title 18 U.S.C. § 1584 Involuntary Servitude, as charged in Counts Two through Seven of this Indictment, and Title 18 U.S.C. § 894(a), Extortionate Collection of an Extension of Credit, as charged in Counts Eight through Thirteen of this Indictment.

All in violation of Title 18, United States Code, Section 924(c) and Title 18, United States Code, Section 2.

COUNTS FIFTEEN TO TWENTY

THE GRAND JURY FURTHER CHARGES:

[8 U.S.C. § 1324(a)(1)(B); 18 U.S.C. § 2]

On or about the dates specified in the table below, in Clarendon County, within the District of South Carolina and elsewhere, the defendants MIGUEL FLORES and ANDRES IXCOY, with other persons known and unknown to the Grand Jury, while aiding and abetting each other, knowingly and in reckless disregard of the fact that the migrant farm workers listed below had come to, entered, and remained in the United States in violation of law, knowingly transported and moved those aliens within the United States, in furtherance of such violation of law, namely by transporting the migrant farm workers from the Chandler Heights, Arizona, area to the Manning labor compound:

| COUNT | VICTIM | DATE (IN OR ABOUT) |
|-------|--------|--------------------|
| 15. | Antonio Perez | May, 1992 |
| 16. | Julia Gabriel | May, 1992 |
| 17. | Benito Velasquez | May, 1992 |
| 18. | Pascual Agustin-Mendez | July, 1992 |
| 19. | Eduardo Lopez-Rodriguez | July, 1992 |
| 20. | Nicolas Garcia-Mendoza | July, 1992 |

All in violation of Title 8, United States Code, Section 1324(a)(1)(B), and Title 18, United States Code, Section 2.

25

COUNT TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES:**

Between in or about May, 1992 and August, 1992, in Clarendon County, within the District of South Carolina, the defendants **MIGUEL FLORES** and **SEBASTIAN GOMEZ**, while aiding and abetting each other, knowingly and in reckless disregard of the fact that migrant farm laborers Antonio Perez, Julia Gabriel, Benito Velasquez, Pascual Agustin-Mendez, Eduardo Lopez-Rodriguez, and Nicolas Garcia-Mendoza, and approximately forty (40) others had come to, entered, and remained in the United States in violation of law, concealed, harbored and shielded these people from detection by immigration and other law enforcement authorities.

All in violation of Title 8, United States Code, Section 1324(a)(1)(C) and Title 18, United States Code, Section 2.

26

## COUNT TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES:**

In or about May, 1992, in Clarendon County, within the District of South Carolina and elsewhere, the defendants **MIGUEL FLORES** and **ANDRES IXCOY**, a farm labor contractor and his agent, with other persons known and unknown to the Grand Jury, while aiding and abetting each other, knowingly and willfully failed to ensure that vehicles used to transport migrant agricultural workers met safety standards governing the transportation of migrant agricultural workers, these unsafe conditions being accomplished by the following means, among others: by removing seats from vehicles to be used in transporting migrant farm workers, by transporting Antonio Perez and other migrant farm workers in overcrowded and unsanitary conditions within the vehicles, and by not allowing Antonio Perez and the other men in this group of migrant farm workers to leave the van in order to use restroom facilities or to eat while transporting them from Arizona to South Carolina.


All in violation of Title 29, United States Code, Sections 1841(b)(1)(A) and 1851, and Title 18, United States Code, Section 2.

COUNT TWENTY-THREE

**THE GRAND JURY FURTHER CHARGES:**

In or about July, 1992, in Clarendon County, within the District of South Carolina and elsewhere, the defendants **MIGUEL FLORES** and **ANDRES IXCOY**, a farm labor contractor and his agent, with other persons known and unknown to the Grand Jury, while aiding and abetting each other, knowingly and willfully failed to ensure that vehicles used to transport migrant agricultural workers met safety standards governing the transportation of migrant agricultural workers, these unsafe conditions being accomplished by the following means, among others: by removing seats from vehicles to be used in transporting migrant farm workers, by transporting Pascual Agustin-Mendez and a group of migrant farm workers in overcrowded and unsanitary conditions within the vehicles, and by generally not allowing Pascual Agustin-Mendez and the migrant farm workers to leave the van in order to use restroom facilities or to eat while transporting them from Arizona to South Carolina.

All in violation of Title 29, United States Code, Sections 1841(b)(1)(A) and 1851, and Title 18, United States Code, Section 2.

COUNT TWENTY-FOUR

**THE GRAND JURY FURTHER CHARGES:**

On or about June 29, 1992, in Clarendon County, in the District of South Carolina, defendant **SEBASTIAN GOMEZ**, an alien who had been arrested and deported pursuant to 8 U.S.C. §241(a)(2) of Immigration and Nationality Act of 1952, was found in the United States.


In violation of Title 8, United States Code, Section 1326(a)(1).

29

## COUNT TWENTY-FIVE

**THE GRAND JURY FURTHER CHARGES:**

On or about June 29, 1992, in Clarendon County, South Carolina, defendant **SEBASTIAN GOMEZ**, who was an alien and illegally or unlawfully in the United States, possessed and was in receipt of a firearm which had been shipped and transported in interstate commerce, to wit, a Smith and Wesson, Model 469, semi-automatic 9-millimeter pistol, serial number TBB2592.

All in violation of 18 United States Code, Section 922(g)(5).

A _True_ BILL

S/Lou N. Barnette
Foreperson

J. RENE' JOSEY
UNITED STATES ATTORNEY
DISTRICT OF SOUTH CAROLINA

DEVAL L. PATRICK
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

by: Leon Rodriguez
Trial Attorney, Criminal Section
Civil Rights Division

30

## PENALTIES

COUNT 1: N/M/T 5 years/$250,000/Both
COUNTS 2 - 7: N/M/T 5 years/$250,000/Both
COUNTS 8 - 13: N/M/T 20 years/$10,000/Both
COUNT 14: N/L/T 5 years/$250,000/Both
COUNTS 15 - 20: N/M/T 5 years/$250,000/Both
COUNT 21: N/M/T 5 years/$250,000/Both
COUNT 22 - 23: N/M/T 1 year/$1,000/Both
COUNT 24: N/M/T 2 years/$250,00/Both
COUNT 25: N/M/T 10 years/$250,000/Both

In lieu of the fines set forth above, 18 U.S.C. Section 3571 provides in part as follows for offenses occurring on or after January 1, 1985:

Section 3571.  Alternative Fines:
(b) . . . An individual convicted of an offense may be fined not more than the greatest of --
(1) the amount specified in the law setting forth the offense;
(2) the applicable amount under subsection (d) of this section;
(3) for a felony, not more than $250,000;

\*   \*   \*

(5) for a Class A misdemeanor that does not result in death, not more than $100,000.

\*   \*   \*

(d)  **Alternative fine based on gain or loss.**  If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greatest of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.


PLUS:  Mandatory Special Assessment of  $25.00 per misdemeanor count and $50.00 per felony count for each defendant pursuant to Title 18, United States Code, Section 3013 (Effective 11/10/84).

PLUS:  Restitution pursuant to Title 18, United States Code, Sections 3663 and 3664, if applicable.

31